```
                IN THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF KANSAS

CORNELIUS A. AUSTIN,

                              Plaintiff,
                                                    CIVIL ACTION
                 vs.                                No. 05-3021-GTV

SAM CLINE, et al.,

                              Defendants.
```

### ORDER

Plaintiff proceeds pro se and in forma pauperis on a complaint filed under 42 U.S.C. § 1983, seeking damages on allegations that he is subjected to cruel and unusual punishment by defendants' deliberate indifference to his serious medical needs. The two defendants named in the complaint are ECF and ECF Warden Sam Cline. Plaintiff claims he has been suffering severe headaches, dizzy spells, impaired vision for over two years, and claims ECF medical staff has been unable to provide any effective pain relief or diagnosis for this condition. Plaintiff also references nose problems and chest pain for which medical attention has been provided with complications and apparent limited success.

The administrative response to plaintiff's December 2004 grievance cites repeated medical attention by nurses and doctor to plaintiff's sick calls, and an x-ray of plaintiff's skull that was

normal.[1]  It also states plaintiff's medications have been reviewed, and notes plaintiff's noncompliance with his medications.

To allege a valid claim under 42 U.S.C. § 1983, plaintiff must assert the denial of a right, privilege or immunity secured by federal law.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970); Hill v. Ibarra, 954 F.2d 1516, 1520 (10th Cir. 1992).  To state a cognizable Eighth Amendment claim for failure to provide medical care, plaintiff "'must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.'" Olson v. Stotts, 9 F.3d 1475, 1477 (10th Cir. 1993)(*quoting* Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

In the present case, plaintiff's report of unrelieved severe headaches, nausea, dizziness, and impaired vision for an extended period of time arguably demonstrates a serious medical condition. However, plaintiff's admitted noncompliance with medication, his claim of ineffective medical attention, and the denial of his requests for a second opinion and/or outside specialist fail to present a sufficient showing of any deliberate indifference by any defendant to plaintiff's medical needs.  *See* Estelle, 429 U.S. at 106-07 (difference of opinion between prisoner and medical staff regarding treatment or diagnosis does not itself state a constitutional violation, but rather at most a medical malpractice

---

[1] The administrative response also cites normal results from a 2001 CT scan at the Muskogee Regional Medical Center, but plaintiff states this procedure was done following a fall and head injury, and is not related to the headaches that developed several years later.

claim which may be cognizable in a state court); Ledoux v. Davies, 961 F.2d 1536 (10th Cir. 1992)(same). To the extent plaintiff alleges negligence in the diagnosis and treatment provided by ECF medical staff, these allegations state no claim for relief is stated under 42 U.S.C. § 1983. *See* Estelle v. Gamble, 429 U.S. 97, 105-06 (1976)(physician negligence in diagnosis or treatment of medical condition does not state a valid Eighth Amendment claim of medical mistreatment); Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990)(more than mere negligence required for constitutional deprivation in civil rights action).

To the extent plaintiff seeks damages from the ECF Warden, the allegations in the complaint are insufficient to state a claim for relief under 42 U.S.C. § 1983. Plaintiff may not rely on the doctrine of respondeat superior to hold this defendant liable by virtue of the warden's supervisory position. Rizzo v. Goode, 423 U.S. 362 (1976). Here, plaintiff alleges no participation by the ECF Warden in the diagnosis and treatment of plaintiff's medical ailments, but states he personally talked to the ECF Warden about plaintiff's continuing medical problems and the Warden advised plaintiff to put in sick calls. This allegation on its face is insufficient to demonstrate any deliberate indifference by this defendant to plaintiff's medical needs. *See* Mitchell v. Maynard, 80 F.3d 1433, 1441 (10th Cir. 1996)("personal participation is an essential allegation in a section 1983 claim").

As to the remaining defendant, the court noted in a previous order that the correctional facility is not a proper defendant

because it is not an entity that can sue or be sued.  *See e.g.*, Marsden v. Fed. Bureau of Prisons, 856 F.Supp. 832, 836 (S.D.N.Y. 1994)("jail is not an entity that is amenable to suit").  Plaintiff has not amended the complaint to remove this defendant, or to name any additional defendants.

Accordingly, the court directs plaintiff to show cause why the complaint should not be dismissed because plaintiff's allegations against the two defendants named in the complaint state no claim upon which relief can be granted under 42 U.S.C. § 1983.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii)("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted").

Plaintiff's motion (Doc. 9) for an order for itemization and indexing of all records compiled and in the possession of the Internal Revenue Service pertaining to plaintiff and the allegations in his complaint is denied as having no factual or legal basis. Plaintiff identifies no request submitted to that federal agency for the disclosure of such information under the Freedom of Information Act or Privacy Act, and does not explain how such information might be relevant to the allegations in his complaint.

IT IS THEREFORE ORDERED that plaintiff is granted thirty (30) to show cause why the complaint should not be dismissed as stating no claim for relief.

IT IS FURTHER ORDERED that plaintiff's motion for an order (Doc. 9) is denied.

**IT IS SO ORDERED.**

DATED:   This 10th day of March 2006 at Topeka, Kansas.


                                    s/ Sam A. Crow
                                    SAM A. CROW
                                    U.S. Senior District Judge

**IT IS SO ORDERED.**

DATED:   This 10th day of March 2006 at Topeka, Kansas.


                              s/ Sam A. Crow
                              SAM A. CROW
                              U.S. Senior District Judge