IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CORNELIUS A. AUSTIN,

                              Plaintiff,
                                                    CIVIL ACTION
          vs.                                       No. 05-3021-SAC

SAM CLINE, et al.,

                              Defendants.


## ORDER

Plaintiff proceeds pro se and in forma pauperis on a complaint filed under 42 U.S.C. § 1983, seeking damages on allegations that he was subjected to cruel and unusual punishment by defendants' deliberate indifference to his serious medical needs.  By an order dated March 10, 2006, the court directed plaintiff to show cause why the complaint should not be dismissed because plaintiff's allegations failed to state a cognizable claim of deliberate indifference to his serious medical needs, because the Ellsworth Correctional Facility (ECF) named as defendant in the complaint was not a party amendable to suit, and because plaintiff alleged no personal participation by the ECF Warden (Sam Cline) who was the only other defendant named in the complaint.

In response, plaintiff filed a pleading which again names Warden Cline as a defendant, and no longer names ECF as a defendant. The pleading also names ECF Clinical staff Dr. Kepka, Nurse Rush, and Nurse Walker as additional defendants.  Plaintiff reiterates that his refusal to comply with medications was based upon the

adverse side effects he suffered when he took prescribed medication. Plaintiff further contends the denial of his request for a second medical opinion, and the continuation of treatment without determining the underlying cause for his medical problems, violates his constitutional rights.

The court liberally construes plaintiff's responsive pleading as an amended complaint that incorporates plaintiff's original complaint. The amended pleading is further construed as dismissing ECF as a defendant, and as adding defendants Kepka, Rush, and Walker. Having reviewed plaintiff's response, the court continues to find this action should be dismissed as stating no claim for relief. Notwithstanding plaintiff's continuing medical problems, there is no showing of deliberate indifference in not providing a second opinion as plaintiff requests, or in the continuation of prescribed treatment. To the extent plaintiff alleges malpractice by any of the defendants named in the amended complaint, relief on such a claim lies in a state tort action. See Estelle v. Gamble, 429 U.S. 97, 105-06 (1976)(physician negligence in diagnosis or treatment of medical condition does not state a valid Eighth Amendment claim of medical mistreatment); Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990)(more than mere negligence required for constitutional deprivation in civil rights action).

Accordingly, for the reasons stated herein and in the order dated March 10, 2006, the court concludes plaintiff's amended complaint should be dismissed as stating no claim upon which relief can be granted under 42 U.S.C. § 1983.

IT IS THEREFORE ORDERED that plaintiff's responsive pleading (Doc. 12) is liberally construed as an amended complaint that incorporates the original complaint, that adds Dr. Kepka, Nurse Rush, and Nurse Walker as additional defendants, and that voluntarily dismisses Ellsworth Correctional Facility as a defendant in this action.

IT IS FURTHER ORDERED the amended complaint is dismissed as stating no claim for relief under 42 U.S.C. § 1983.

**IT IS SO ORDERED.**

DATED:  This 20th day of September 2006 at Topeka, Kansas.


   s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge